UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br><br>RICHARD J. GREENLAW,<br>NECS LLC (F/K/A NEW ENGLAND CANNABIS SOLUTIONS LLC),<br>NYCS LLC, MAINECS LLC, VTCS LLC, MASSCS LLC, NHCS LLC, RICS LLC, CTCS LLC, FLCS LLC, ILCS LLC, IACS LLC, LOUCS LLC, MICS LLC, MNCS LLC, NDCS LLC, NJCS LLC, OHCS LLC, PENNCS LLC, UPCS LLC, and WICS LLC,<br><br>              Defendants. | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## INJUNCTIVE RELIEF SOUGHT

Plaintiff Securities and Exchange Commission (the "Commission") in its Complaint against defendants Richard J. Greenlaw ("Greenlaw"), NECS LLC (f/k/a New England Cannabis Solutions LLC)("NECS"),  NYCS LLC, MaineCS LLC, VTCS LLC, MassCS LLC, NHCS LLC, RICS LLC, CTCS LLC, FLCS LLC, ILCS LLC, IACS LLC, LOUCS LLC, MICS LLC, MNCS LLC, NDCS LLC, NJCS LLC, OHCS LLC, PennCS LLC, UPCS LLC, and WICS LLC ("Cannabis-Related Entities") (collectively, "Defendants") alleges the following:

## I. SUMMARY

1. This case involves the unregistered offering and sale of securities in a Maine-based medical marijuana company NECS, by Greenlaw, the founder and managing member of NECS, as well the Cannabis-Related Entities in violation of the registration provisions of the federal securities laws.

2. Since 2014, Defendant Greenlaw has offered and sold subscription agreements for securities in NECS and the Cannabis-Related Entities to at least fifty-nine individuals in twenty-one states. Greenlaw's offers and sales of securities in NECS and the Cannabis-Related Entities were not covered by registration statements filed or in effect with the Commission or an applicable exemption, as required by the applicable securities laws.

3. As a result of this conduct, Defendants have directly and indirectly violated, and unless restrained and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a) and (c)].

4. The Commission brings this action pursuant to its authority under Section 20 of the Securities Act [15 U.S.C. §77t(b)] and seeks an order:

   a. finding that the Defendants violated the securities registration provisions of the federal securities laws;

   b. permanently restraining and enjoining Defendants from committing future violations of Sections 5(a) and 5(c) of the Securities Act;

   c. prohibiting Greenlaw from participating in any sale or offer to sell any security (other than securities listed on a national securities exchange for his own personal account) in a registered or exempt transaction through the solicitation or accepting of funds from any person, unless he first provides a

        copy of the Commission's filed complaint in this matter and any judgment that the Commission obtains against Greenlaw in this matter;

d.    ordering disgorgement and prejudgment interest from Greenlaw; and

e.    ordering Greenlaw to pay civil penalties.

## II. JURISDICTION AND VENUE

5.    The Commission seeks injunctions and disgorgement pursuant to Section 20(b) of the Securities Act [15 U.S.C. §77t(b)] and Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. §78u(d)(5)]. The Commission seeks the imposition of civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)].

6.    This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)].

7.    Venue lies in this Court pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)]. NECS' principal place of business and Greenlaw's residence are in Kittery, Maine, which is within this district. Further, Greenlaw has transacted business involving NECS and each of the Cannabis-Related Entities by offering and selling securities to the public from the district.

8.    In connection with the transactions, acts, practices, and courses of business described in this Complaint, the Defendants have directly and indirectly made use of the means and instruments of transportation or communication in interstate commerce or of the mails to sell or to offer to sell the securities of NECS and the Cannabis-Related Entities.

## III. DEFENDANTS

9.    <u>Richard J. Greenlaw,</u> is an individual residing in Kittery, Maine. Greenlaw has been the founder and managing member of NECS since 2014 and is currently its only full-time

3

employee. The Commission filed a prior enforcement action against Greenlaw in 1983 alleging violations of Section 5(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 for his role in an investment scheme involving certain risky stocks and options trading. In November 1983, the U.S. District Court for the District of New Hampshire entered an order against Greenlaw in that prior case, to which he consented. Among other things, the 1983 order included a permanent injunction against violating the above securities law statutes.

10. NECS, is a Maine limited liability company with its principal place of business in Kittery, Maine. Greenlaw owns or controls approximately 60% of the shares in NECS.

11. Cannabis-Related Entities. In addition to NECS, Greenlaw formed nineteen other limited liability companies ("LLCs") for eighteen different states (including, Maine, Massachusetts, Vermont, New Hampshire, Connecticut, Rhode Island, Florida, Illinois, Iowa, Louisiana, Michigan, Minnesota, North Dakota, New Jersey, New York, Ohio, Pennsylvania, and Wisconsin), as well as New York City. NECS retains at least a 51% share ownership of each of the state Cannabis-Related Entities. The additional LLC defendants are as follows: NYCS LLC, MaineCS LLC, VTCS LLC, MassCS LLC, NHCS LLC, RICS LLC, CTCS LLC, FLCS LLC, ILCS LLC, IACS LLC, LOUCS LLC, MICS LLC, MNCS LLC, NDCS LLC, NJCS LLC, OHCS LLC, PennCS LLC, UPCS LLC, and WICS LLC.

## IV. FACTUAL ALLEGATIONS

12. NECS is purportedly in the business of selling medical marijuana that does not contain Tetrahydrocannabinol (also known as "THC"), the chemical compound responsible for most of marijuana's psychological effects. Instead, NECS markets Cannabidiol (or "CBD"), a

second compound present in hemp, purportedly as a therapeutic aid for various medical conditions such as pain, nausea, and anxiety, among others.

13. In late 2014, shortly after forming NECS, Greenlaw began promoting investment opportunities in NECS to prospective investors through advertisements on Craigslist, an online-classified advertising website. Greenlaw described the securities offering as an opportunity to be part of the new medical cannabis industry "without getting into marijuana and all of its regulations." During the period December 2014 through May 4, 2018, Greenlaw posted his advertisements in various regional pages on the Craigslist website in order to reach prospective investors in various states throughout the country.

14. Originally, Greenlaw formed LLCs for NECS and separate entities in each of the six New England states. Greenlaw typically offered prospective investors a 5% share of each LLC for $5,000. Greenlaw offered prospective investors quarterly profits equal to the percentage of each investor's ownership interest (for example, 5% of quarterly profits for 5% ownership). Greenlaw's valuations of the underlying companies fluctuated, so he offered some prospective investors a 5% interest for as much as $10,000.

15. Greenlaw later expanded to additional states, forming LLCs for Florida, Illinois, Iowa, Louisiana, Michigan, Minnesota, North Dakota, New Jersey, Ohio, Pennsylvania, Wisconsin, and two for New York, one upstate and the other for New York City.

16. In response to inquiries from prospective investors who saw the Craigslist advertisements, Greenlaw emailed prospective investors cannabis-related literature describing CBD in further detail, as well as securities offering documents, including LLC documents and subscription agreements (an investment document that contains a promise by a company to sell a

given number of shares to an investor at a certain price and an agreement by the investor to pay that price). In certain instances, Greenlaw mailed the information to prospective investors.

17.  Between December 2014 and April 2018, approximately fifty-nine investors signed subscription agreements with Greenlaw and NECS or the Cannabis-Related Entities, investing a total amount of approximately $500,000. Greenlaw signed the subscription agreements on behalf of NECS and/or the Cannabis-Related Entities and typically transmitted signed copies of the completed executed subscription agreements to the investors either through email or by U.S. Mail.

18.  The securities transactions that are the subject of this complaint were not registered with the Commission.

19.  Certain of the Commission's securities registration rules allow for the sale of unregistered securities if the investors in the securities offering meet the standards for being an "accredited investor." An investor may have this status if the investor has a certain level of income or net worth.

20.  Each of the signed NECS and Cannabis-Related Entities subscription agreements have a box checked reflecting that the investors are accredited investors because they are a director, executive officer, or general partner of the LLC. Greenlaw either pre-checked this box or asked investors to check it. However, the investors were not directors, executive officers, or general partners of the relevant LLCs. Greenlaw understood that many of the investors would be purely passive investors and that they would not be taking any active role in managing or running of the company as a director, executive officer or general partner of the LLC. As a result, this section of the subscription agreements did not accurately reflect all investors' qualifications as an "accredited investor."

21. Further, in soliciting investments or otherwise offering for sale unregistered securities, Greenlaw did not otherwise take steps to determine whether the investors were in fact accredited investors. For example, Greenlaw did not ask prospective investors for financial information. At least some investors were not accredited investors because they did not meet the income or net worth thresholds for accredited investors.

22. No registration statement is on file with the Commission or in effect with respect to, and no exemption applies to, the transactions alleged in paragraphs 1 through 21.

## V. CLAIM FOR RELIEF
**Unregistered Offer and Sale of Securities**
**(Violations of Sections 5(a) and 5(c) of the Securities Act)**

23. The Commission restates and incorporates by reference paragraphs 1 through 22 above.

24. Defendants, by engaging in the conduct described above, directly or indirectly made use of the means or instruments of transportation or communication in interstate commerce, or of the mails, to offer to sell or to sell securities, or carried or caused to be carried through the mails or in interstate commerce, by means or instruments of transportation, securities for the purpose of sale or for delivery after sale, when no registration statement had been filed or was in effect as to such securities, and when no exemption from registration was applicable.

25. By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined, is reasonably likely to continue to violate, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§77e(a) and (c)].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

  A. Issue findings of fact and conclusions of law that Defendants committed the alleged violations.

  B. Enter a permanent injunction enjoining Defendants from directly or indirectly violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c);

  C. Enter a permanent injunction enjoining Greenlaw from directly or indirectly participating in any sale or offer to sell any security (other than securities listed on a national securities exchange for his own personal account) in a registered or exempt transaction through the solicitation or accepting of funds from any person, unless he first provides a copy of the Commission's filed complaint in this matter and any judgment that the Commission obtains against Greenlaw in this matter.

  D. Order that Greenlaw disgorge all ill-gotten gains, including prejudgment and post-judgment interest, resulting from the violations alleged herein.

  E. Order Greenlaw to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d).

  F. Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

G.      Grant such other and further relief as this Court may determine to be just and necessary.

>Respectfully submitted,
>
>**SECURITIES AND EXCHANGE COMMISSION**
>
>By its attorneys,
>
>/s/ William J. Donahue_____
>William J. Donahue (Mass. Bar No. 631229)
>    Counsel
>Martin F. Healey  (Mass. Bar. No. 227550)
>    Senior Trial Counsel
>Boston Regional Office
>33 Arch Street, 24th Floor
>Boston, MA  02110
>(617) 573-8915  (Donahue direct)
>(617) 573-4590  (fax)
>donahuew@sec.gov (Donahue email)

Dated:  August 17, 2018